UNITED STATES of America,

v.

Jonathan J. POLLARD, Defendant.

No. CR.86–0207 (TFH).

United States District Court, District of Columbia.

Nov. 12, 2003.

Eliot Lauer, Esq., Jacques Semmelman, Esq., New York City, for defendant.

Robert D. Okun, Special Proceedings Section, Steven W. Pelak, Transnational/Major Crimes Section, Washington, DC, for plaintiff.

### *MEMORANDUM OPINION*

THOMAS F. HOGAN, Chief Judge.

■ Pending before the Court is Defendant's "Motion for Modification of the Court's January 12, 2001 Memorandum

Order Based Upon the Government's August 3, 2001 Letter." While captioned differently, Mr. Pollard's instant motion is merely a request for this Court to reconsider his motion to reconsider which was denied by Chief Judge Johnson. This is Mr. Pollard's fourth attempt to gain access to certain classified information. His first three attempts were denied in September 1990 by Chief Judge Robinson in the context of Mr. Pollard's first collateral attack upon his conviction and sentence under 28 U.S.C. § 2255 and in January 2001 and August 2001 by Chief Judge Johnson.

In sum, Mr. Pollard and his counsel state that their "objective is to access the [classified] documents for use in connection with applications for executive clemency and related initiatives." The main argument in this fourth attempt is based on the August 3, 2001 letter written by Court Security Officer Michael P. Macisso (the "Macisso Letter"). Mr. Pollard speculates that certain sentences within this letter reveal alleged government misrepresentation as to whether allowing counsel access to the documents would pose a grave risk to national security. Further, he claims that Department of Justice officials were afforded access to the documents on no less than twenty-five occasions, and that such access must necessarily have been related to his case and not to intelligence or defense matters unrelated to his case.

The Court finds that in fashioning his claim, Mr. Pollard takes sentences in the Macisso Letter out of context. This letter could not be more clear in stating that "[a]bsent a 'need to know' ruling from the Court or the government, the Department of Justice will not be able to upgrade your clearance level or provide you access to this material." Further, as stated by government counsel during the oral argument on September 2, 2003, the twenty-five occasions in which the documents have been accessed by government officials include Chief Judge Johnson and instances of personnel from other government agencies who indeed had a "need to know."

More important, however, is that Mr. Pollard and his attorneys have offered no new justification for this Court to determine that any of them have a "need to know" and can thereby be granted the appropriate Sensitive Compartmented Information (SCI) clearance. He has presented no credible evidence that the current President is any more willing to grant him clemency than the previous three Presidents who declined to do so. When the complete absence of any such evidence is considered in light of the current security threats faced by our nation since September 11, 2001, the Court finds it even less likely than before that Mr. Pollard's attorneys will require access to classified documents in support of a speculative possibility of executive clemency. "[C]lassified information is not discoverable on a mere showing of theoretical relevance in the face of the government's classified information privilege . . . ." *United States v. Yunis*, 867 F.2d 617, 623 (D.C.Cir.1989).

For the reasons stated above, the Court will deny Mr. Pollard's "Motion for Modification of the Court's January 12, 2001 Memorandum Order Based Upon the Government's August 3, 2001 Letter." An appropriate Order will accompany this Memorandum Opinion.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, Mr. Pollard's "Motion for Modification of the Court's January 12, 2001 Memorandum Order Based Upon the Government's August 3, 2001 Letter" [# 40] is **DENIED**.

**SO ORDERED.**